UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD ANNENBERG, | ) |
|     Plaintiff, | ) Case No. )  ) |
| v. | ) **COMPLAINT** ) |
| HARRIS & HARRIS, LTD. | ) **JURY DEMANDED** ) |
|     Defendant. | ) |

Now comes the Plaintiff, RICHARD ANNENBERG ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, HARRIS & HARRIS, LTD. ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Los Angeles, California.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, and/or services which are the subject of the transaction was primarily for personal, family, and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Illinois, which has its principal place of business in Chicago, Illinois.

## FACTUAL ALLEGATIONS

9. On or about December 8, 2020, Plaintiff's attorney's office, Benveniste Law, LLC ("Benveniste"), called Defendant and notified Defendant that they represented Plaintiff with respect to the alleged debt Defendant was attempting to collect from him.

10. Defendant requested that Benveniste have Plaintiff complete a power of attorney and send it to Defendant via email.

11. On or about December 8, 2020, Plaintiff signed the power of attorney and Benveniste sent it to Defendant via email as instructed.

12. On or about December 28, 2020, the undersigned attorney for Plaintiff mailed a letter to Defendant, notifying Defendant that he represented Plaintiff with respect to the alleged debt.

13. Despite knowing that Plaintiff was represented by an attorney with respect to the alleged debt, Defendant continued to contact Plaintiff by telephone in attempts to collect the alleged debt.

14. Defendant placed calls to Plaintiff on several occasions after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

15. Defendant placed telephone calls to Plaintiff regarding collection of the alleged debt after having been notified of Plaintiff's attorneys' representation of him, on or about dates and times which include, but are not limited to: December 22, 2020 at 10:16 AM; January 4, 2021 at 1:28 PM; January 6, 2021 at 8:10 AM; January 9, 2021 at 11:29 AM; and January 14, 2021 at 8:53 AM.

16. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, frustration, emotional distress, and mental anguish.

## COUNT I

18. Plaintiff incorporates all of the allegations and statements in paragraphs above as if reiterated herein.

19. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

## COUNT II

20. Plaintiff incorporates all of the allegations and statements in paragraphs above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

## COUNT III

22. Plaintiff incorporates all of the allegations and statements in paragraphs above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring and/or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.

## COUNT IV

24. Plaintiff incorporates all of the allegations and statements in paragraphs above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

RICHARD ANNENBERG

By: /s/ David B. Levin
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com